SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| WEYERHAEUSER COMPANY, a Washington corporation,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>HISCOX DEDICATED CORPORATION MEMBER LIMITED as representative member of Syndicate 33 at Lloyd's; STARR UNDERWRITING AGENTS LIMITED on behalf of Lloyd's Syndicate CVS 1919,<br><br>　　　　　　　　Defendants. | No.<br><br>COMPLAINT |

Plaintiff Weyerhaeuser Company, by and through its attorneys, alleges as follows:

## I.　INTRODUCTION

1.　This is an action for breach of contract, bad faith, and violations of the Washington Insurance Fair Conduct Act and the Washington Consumer Protection Act arising from the Defendants' failure and refusal to provide owed insurance coverage and benefits.

## II.　PARTIES

2.　Plaintiff Weyerhaeuser Company ("Weyerhaeuser" or "Plaintiff") is a corporation organized under the laws of the State of Washington and has its principal place of

COMPLAINT – 1

**CORR CRONIN** LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

business in Seattle, Washington.  Weyerhaeuser is authorized to do business and is doing business in the State of Washington.

3.  Hiscox Dedicated Corporation Member Limited, as representative member of Syndicate 33 at Lloyd's ("Hiscox") is an unincorporated association organized under the laws of the United Kingdom that, at all relevant times, was engaged in the business of selling insurance policies in the state of Washington.

4.  The names of the entities or individuals that subscribe to Lloyd's Syndicate 33 along with representative member Hiscox and their respective locations is currently unknown to Plaintiff Weyerhaeuser.

5.  Starr Underwriting Agents Limited, as representative member of Syndicate CVS 1919 at Lloyd's ("Starr"), is an unincorporated association organized under the laws of the United Kingdom that, at all relevant times, was engaged in the business of selling insurance policies in the state of Washington.

6.  The names of the entities or individuals that subscribe to Lloyd's Syndicate CVS 1919 along with representative member Starr and their respective locations are currently unknown to Plaintiff Weyerhaeuser.

7.  Hiscox and Starr are collectively referred to herein as "Defendants" or "Insurers."

### III. JURISDICTION AND VENUE

8.  The jurisdiction of this Court is invoked pursuant to the Washington Uniform Declaratory Judgment Act, RCW 7.24 *et seq.*, the Washington Insurance Fair Conduct Act, RCW 48.30 *et seq.*, and the Washington Consumer Protection Act, RCW 19.86 *et seq.*, to determine questions of actual controversy between the parties to this action as more fully set forth herein.

COMPLAINT – 2

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

9. Venue in this County is proper pursuant to RCW 4.12.025 because the Defendants transacted business within King County.

## IV. FACTUAL ALLEGATIONS

### The Policy

10. In consideration of substantial premiums paid by Weyerhaeuser, the Insurers issued an excess liability insurance policy to Weyerhaeuser covering the period of November 1, 2016 to November 1, 2017, providing coverage for various potential losses.

11. Specifically, Defendants Hiscox and Starr are the lead underwriters on policy number BOWCN1600734 (the "Policy").

12. The Policy was part of a "tower" of excess coverage provided by the Insurers and other primary and excess insurers not named in this action.

13. The Policy generally follows form to, or incorporates by reference, the terms and conditions set forth in the underlying lead policy issued by Lex-London (a division of AIG Europe Limited, and not a party to this action), except to the extent the terms and conditions of the excess Policy conflicts with the terms and conditions of the underlying coverage.  In the event of such a conflict, the terms of the excess Policy control.

14. Weyerhaeuser timely paid all premiums due and owing under the Policy and complied with all applicable conditions contained therein.

### Weyerhaeuser's Claim for Coverage

15. Weyerhaeuser manufactured and sold TJI Joists coated with a fire retardant formula called Gen 4 Flak Jacket Protection (the "TJI Joists"), a wood product used in residential home construction to support flooring.

16. In and around May 2017, Weyerhaeuser started receiving complaints related to the TJI Joists.  Weyerhaeuser subsequently determined that the TJI Joists emitted formaldehyde. In response, Weyerhaeuser undertook a major remediation program to address the situation.

COMPLAINT – 3

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

17. Despite Weyerhaeuser's efforts, various individuals and entities asserted claims and initiated proceedings against Weyerhaeuser in relation to its TJI Joists.

18. The Policy provides coverage for the related defense costs and expenses incurred by Weyerhaeuser.

19. Weyerhaeuser satisfied its $10 million per-occurrence self-insured retention and has incurred covered defense costs and liabilities in connection with the TJI Joists that exceed the applicable coverage limits of the Policy.

20. Weyerhaeuser timely tendered claims to the Insurers on or about July 12, 2017 and repeatedly updated the Insurers on the status of the underlying claims.

21. Weyerhaeuser's lead first-layer excess carrier, Lex-London, paid Weyerhaeuser the full amount of its policy limits ($25 million).

22. Despite receiving the claim more than two years ago, satisfaction of the self-insured retention, and exhaustion of the first layer of coverage, Defendants have not paid the benefits owed to Weyerhaeuser under the Policy.

23. Weyerhaeuser served Hiscox and Starr with statutory notice pursuant to the Washington Insurance Fair Conduct Act, RCW 48.30 *et seq.*, on July 18, 2018. More than twenty days have elapsed since Weyerhaeuser provided such notice and neither Hiscox nor Starr has paid the claim or otherwise cured their breach of the Policy.

24. Weyerhaeuser has and will continue to suffer harm as a result of the Defendants' improper conduct.

## The Parties' Arbitration Dispute and
## Initial Litigation in the Western District of Washington

25. The Policy issued by Hiscox and Starr, through its incorporation of the terms of the Lex-London policy, contains a "Law of Constriction and Interpretation Endorsement." That

COMPLAINT – 4

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

endorsement provides that any dispute arising under the terms of the Policy shall be governed by the substantive law of Washington.

26. The Policy issued by Hiscox and Starr does not require arbitration of coverage disputes. To the contrary, the Policy issued by Hiscox and Starr indicates that "[i]t is agreed that in the event of the failure of the Underwriters hereon to pay any amount claimed to be due hereunder, the Underwriters hereon, at the request of the Insured (or reinsured), will submit to the jurisdiction of a Court of competent jurisdiction within the United States" for purposes of litigating any such coverage dispute ("U.S. Dispute Clause").

27. Pursuant to the U.S. Dispute Clause and the Policy more generally, Hiscox and Starr expressly agreed to litigate any coverage disputes in the United States jurisdiction of Weyerhaeuser's choosing and further agreed that the terms of the Policy trumped the terms of the underlying Lex-London policy, including any purported obligation to arbitrate contained within that underlying policy.

28. Despite those policy terms and the obligation to act in good faith imposed by Washington law, several of Weyerhaeuser's excess insures took the position Weyerhaeuser was obligated to arbitrate its claims in the United Kingdom.

29. For example, three of Weyerhaeuser's excess insurers, Chubb Bermuda Insurance Limited, Endurance Specialty Insurance Limited, and Allied World Assurance Company Limited, filed suit in the United Kingdom and secured injunctions preventing Weyerhaeuser from attempting to litigate claims arising out of or in relation to those insurers' policies in any venue (including Washington State) other than via arbitration in the United Kingdom.

30. Because of those actions and the remaining excess insurers' refusal to confirm that the terms of the U.S. Dispute Clause controlled and that resolution of their coverage disputes with Weyerhaeuser would occur in Washington State, Weyerhaeuser filed suit in the

COMPLAINT – 5

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Western District of Washington on April 20, 2018, seeking a declaration from the court that any disputes between the parties arising under the policies are not subject to arbitration in the United Kingdom and instead may be litigated in a U.S. court. *See* Western District of Washington Cause No. 2:18-cv-00585-JLR (the "Federal Litigation"), attached as Exhibit 1 hereto. The Honorable James L. Robart of the Western District of Washington currently presiding over the Federal Litigation.

31. Despite the pendency of that litigation before Judge Robart, another excess insurer, XL Catlin, whose policy included the same U.S. Dispute Clause contained within the Insurers' Policy, subsequently filed suit against Weyerhaeuser in the United Kingdom to secure an injunction preventing Weyerhaeuser from litigating its claims in Washington State.

32. As a result, Weyerhaeuser filed a Motion for Temporary Restraining Order before Judge Robart, seeking an order enjoining the remaining excess insurers (including Hiscox and Starr) from "tak[ing] any further action to enjoin [the] proceedings" before Judge Robart.

33. Recognizing the potential for immediate harm implicated by the actions of Weyerhaeuser's insurers and the manner in which it would materially impact Weyerhaeuser's legal right to litigate its claims for coverage in Washington State, Judge Robart granted Weyerhaeuser's motion, finding that "TRO Defendants may take a similar course of action as XL Catlin, thus subjecting Weyerhaeuser to immediate, substantial and irreparable harm of being unable to proceed in its first-filed suit, and being forced to argue its case instead in a foreign court."

34. As a result of that finding, Judge Robart entered a Temporary Restraining Order enjoining the remaining excess insures (again, including the Defendants) from "seeking or obtaining, in any other forum, an injunction against Weyerhaeuser's instant action."

COMPLAINT – 6

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

35. The defendants, including the Insurers, subsequently stipulated to a preliminary injunction barring them from "instituting or joining in any action, in any other forum, aimed at securing a determination on the issue whether Weyerhaeuser is required, under the policies issued by the TRO Defendants, to arbitrate disputes regarding coverage under those policies" that has remained in place in the Federal Litigation.

36. Judge Robart recently indicated that the Western District of Washington may lack jurisdiction to resolve the issues in the Federal Litigation, *i.e.,* venue and arbitrability. Judge Robart has received briefing on that issue from the parties and is scheduled to hear oral argument on August 13, 2019.

## V.   FIRST CAUSE OF ACTION
## BREACH OF CONTRACT (All Defendants)

37. Plaintiff incorporates and realleges paragraphs 1 through 36 as if fully set forth herein.

38  Plaintiff incurred covered losses in excess of the limits of the Policy.

39. By virtue of the conduct set forth above, by unreasonably interpreting their Policy, failing to adequately and timely respond, and failing to properly reimburse Plaintiff for Plaintiff's losses under the terms of the Policy, Defendants breached the obligations set forth therein.

40. As a direct and proximate result of the Defendants' breaches of their Policy, which is continuing to at least the date of this Complaint, Defendants have deprived Plaintiff of the benefit of the insurance coverage for which it paid substantial premiums, damaging Plaintiff in an amount to be proven at trial.

## VI.   SECOND CAUSE OF ACTION
## INSURANCE BAD FAITH (All Defendants)

41. Plaintiff incorporates and realleges paragraphs 1 through 40 as if fully set forth herein.

COMPLAINT – 7

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

42. By virtue of the conduct set forth above, Defendants' failure to reasonably investigate, interpret, apply, and honor the terms of their insurance Policy with Plaintiff constitutes violations of Washington's insurance regulations and breach of Defendants' duty of good faith and fair dealing.

## VII.  THIRD CAUSE OF ACTION
### VIOLATION OF WASHINGTON'S INSURANCE FAIR CONDUCT ACT
**(Hiscox and Starr)**

43. Plaintiff incorporates and realleges paragraphs 1 through 42 as if fully set forth herein.

44. By virtue of the conduct set forth above, Defendants' failure to reasonably investigate, interpret, apply, and honor the terms of their insurance Policy with Plaintiff constitutes violations of Washington's insurance regulations and breach of Defendants' duty of good faith and fair dealing.

45. Accordingly, Plaintiff is entitled to damages, prejudgment interest, and attorneys' fees from the Defendants.

## VIII.  FOURTH CAUSE OF ACTION
### VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT
**(All Defendants)**

46. Plaintiff incorporates and realleges paragraphs 1 through 45 as if fully set forth herein.

47. By virtue of the conduct set forth above, Defendants have breached Washington's insurance regulations, a single violation of which constitutes a *per se* unfair trade practice under the Washington Consumer Protection Act, RCW 19.86, *et seq*.

48. Independent of those duties imposed by Washington's insurance regulations, Defendants' conduct otherwise constitutes an unfair and/or unlawful practice in trade or commerce.

COMPLAINT – 8

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

49. Plaintiff has suffered injury in its business or property as a result of Defendants' unfair or unlawful practices. Accordingly, Plaintiff is entitled to damages, treble damages, prejudgment interest, and attorneys' fees from Defendants.

## IX. FIFTH CAUSE OF ACTION
### ATTORNEYS' FEES (All Defendants)

50. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 49 as if fully set forth herein.

51. Plaintiff, as the insured in a legal action to obtain the benefits under its insurance policy, is entitled to attorney's fees and costs associated with compelling Defendants to fulfill their contractual obligations thereunder.

## X. RESERVATION OF RIGHTS—DECLARATORY RELIEF

52. Should the Western District of Washington dismiss the Federal Litigation on the grounds that it lacks jurisdiction to adjudicate the issues presently before it, Weyerhaeuser reserves its right to amend this Complaint to add a cause of action for declaratory relief relative to the proper venue and arbitrability of this dispute.

## XI. REQUEST FOR RELIEF

Plaintiff requests relief as follows:

A. For a judgment declaring that Defendants are obligated to reimburse Plaintiff in an amount to be proven at trial;

B. For other damages as may be proven at trial, including treble damages for Defendant's violation of the Insurance Fair Conduct Act and the Consumer Protection Act;

C. For costs and attorney's fees;

D. For prejudgment interest; and

E. For such other and further relief as the Court may deem just and equitable.

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1 | DATED this 12th day of August, 2019.

*s/ Michael A. Moore*
Michael A. Moore, WSBA No. 27047
Kelly H. Sheridan, WSBA No. 44746
Jocelyn Whiteley, WSBA No. 49780
CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington  98154
(206) 625-8600 Phone
(206) 625-0900 Fax
Email: mmoore@corrcronin.com
ksheridan@corrcronin.com
jwhiteley@corrcronin.com
Attorneys for Plaintiff

COMPLAINT – 10

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1257 00003 jh11fq27mb.002