UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WEYERHAEUSER COMPANY,

    Plaintiff,

    v.

HISCOX DEDICATED CORPORATION MEMBERS LIMITED as representative member of Syndicate 33 at Lloyd's, *et al.*,

    Defendants.

NO. C19-1277RSL

PRELIMINARY INJUNCTION

This matter comes before the Court on plaintiff's motion for a temporary restraining order (Dkt. # 13), defendants' motion for leave to file an over-length brief (Dkt. # 19), and defendants' motion to dismiss (Dkt. # 20). Having reviewed the record in this matter and having heard the arguments of counsel, the Court finds as follows:

Weyerhaeuser filed this insurance coverage action in state court on August 12, 2019. Four days later, when an anti-suit injunction issued in a related case lapsed, the insurers filed an application for relief from the High Court of Justice in the United Kingdom seeking to enjoin Weyerhaeuser's pursuit of and participation in this litigation. Weyerhaeuser filed a competing motion in this case seeking to enjoin the insurers from pursuing the UK proceedings. By the end of the day on August 16th, the defendant in each forum had been enjoined from pursuing relief anywhere else. Pursuant to Fed. R. Civ. P. 65(a)(3), the Court set the matter for hearing to

PRELIMINARY INJUNCTION - 1

determine whether its temporary restraining order should be converted to a preliminary injunction and compelled Weyerhaeuser to appear and participate in the hearing. The insurers have filed a combined opposition to preliminary injunctive relief and a motion to dismiss.

"'A federal district court with jurisdiction over the parties has the power to enjoin them from proceeding with an action in the courts of a foreign country, although the power should be used sparingly.'" E. & J. Gallo Winery v. Andina Licores S.A., 446 F.3d 984, 989 (9th Cir. 2006) (quoting Seattle Totems Hockey Club, Inc. v. Nat'l Hockey League, 652 F.2d 852, 855 (9th Cir. 1981)).[1] Assessing the propriety of such an injunction involves a three-part inquiry. The Court must determine (1) whether the parties and issues are the same and whether resolution of the first-filed action would be dispositive of the action to be enjoined, (2) whether at least one of the factors identified in In re Unterweser Reederei GMBH, 428 F.2d 888, 896 (5th Cir. 1970), applies, and (3) whether the injunction's impact on comity is tolerable. Microsoft Corp. v. Motorola, Inc., 696 F.3d 872, 881 (9th Cir. 2012). "Ordinarily, we do not assess at all the likelihood of success on the merits in a case like this, because when a preliminary injunction is also a foreign anti-suit injunction, the likelihood-of-success aspect of the traditional preliminary injunction test is replaced" by the three-part inquiry set forth above. Id. at 883-84 (citing Gallo, 446 F.3d at 990 ("To the extent the traditional preliminary injunction test is appropriate, we only need address whether [the injunction seeker] showed a significant likelihood of success on the merits. The merits in this case, however, are about whether [the injunction seeker] has

---

[1] The insurers assert that the Court lacks personal jurisdiction over them because they have not been properly served. Service through the state Insurance Commissioner is the exclusive means of service for authorized foreign or alien insurers in Washington. Ohio Sec. Ins. Co. v. Axis Ins. Co., 190 Wn.2d 348, 356 (2018). Weyerhaeuser represents that it has proof of service on the Insurance Commissioner.

PRELIMINARY INJUNCTION - 2

demonstrated that the factors specific to an anti-suit injunction weigh in favor of granting that injunction here." (alterations in original) (internal quotation marks, ellipses, and citation omitted)).

### A. Same Parties and Issues

The insurers do not address, and therefore concede, that the parties and issues are the same in both proceedings and that resolution of the claims asserted in this litigation will dispose of the action Weyerhaeuser seeks to enjoin.

### B. Unterweser Factors

The Unterweser factors are a disjunctive list of considerations that may justify an anti-suit injunction. Under this prong of the analysis, the Court must consider whether the foreign litigation "would (1) frustrate a policy of the forum issuing the injunction; (2) be vexatious or oppressive; (3) threaten the issuing court's in rem or quasi in rem jurisdiction; or (4) [] prejudice other equitable considerations." Seattle Totems, 652 F.2d at 855. At least two Unterweser factors apply here.

Based on the history of this dispute between the parties and the timing of events during the week of August 12th, the filing of the UK action raises serious concerns regarding duplicative litigation and forum shopping, a combination which the Court finds to be "vexatious and oppressive." See Microsoft, 696 F.3d at 886. Weyerhaeuser has been attempting to resolve the arbitrability of this insurance coverage dispute for more than a year in this district, and the undersigned has years of experience interpreting contracts of insurance in light of the laws and regulations of the State of Washington. Nevertheless, the insurers went shopping for a new forum the moment an opportunity arose. They apparently believe that the chances of obtaining a favorable ruling are better in the UK, in large part because another insurer in the same excess

PRELIMINARY INJUNCTION - 3

layer has prevailed on the arbitrability issue there. The insurers initiated a second, separate litigation expressly designed to prevent this Court from adjudicating the issues before it. The Court finds that the filing of a duplicative lawsuit for no reason other than to force the insured to abandon its chosen forum under threat of criminal sanctions is vexatious.

In addition, Washington has a strong policy of protecting insureds, a policy which permeates its insurance laws and regulations. While the undersigned has the utmost respect for the jurists of the Queen's Bench Division, forcing Weyerhaeuser, a Washington company, to seek the benefits and protections offered by its home state in a tribunal that is unfamiliar with the nuances of Washington law may frustrate that policy.

**C. Comity**

The Court concludes that the injunction's impact on comity is not so great as to be intolerable. Gallo, 446 F.3d at 991. The term comity "summarizes in a brief word a complex and elusive concept - the degree of deference that a domestic forum must pay to the act of a foreign government not otherwise binding on the forum." Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1067 (9th Cir. 2007). It "is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other." Hilton v. Guyot, 159 U.S. 113, 163-64 (1895). Where, as here, the dispute involves a private, contractual matter, comity is not likely to be threatened. Microsoft, 696 F.3d at 887. In addition, the order in which the competing actions were filed suggests that considerations of comity should have prompted the High Court of Justice to defer to this Court's adjudication of the arbitrability issue, not the other way around. Where the clear thrust of the foreign proceeding was the termination of a pending domestic matter, defendants' "claims of comity now asserted in United States courts come burdened with the failure of the British to recognize comity." Dependable Highway,

PRELIMINARY INJUNCTION - 4

498 F.3d at 1068 (quoting <u>Laker Airways Ltd. v. Sabena Belgian World Airlines</u>, 731 F.2d 909, 939 (D.C. Cir. 1984)). Finally, the scope of the anti-suit injunction entered in this case is fairly narrow and will have minimal impact on the executive, judicial, or legislative acts of the UK. The insurers are merely prevented from pursuing a duplicative action and from barring Weyerhaeuser from proceeding in this forum until the Court has a chance to hear and resolve the forum selection dispute between the parties. The impacts on comity are tolerable.

### D. Other Preliminary Injunction Factors

In order to maintain its preliminary injunctive relief, Weyerhaeuser must not only satisfy the <u>Gallo</u> test, but also show that it is likely to suffer irreparable harm if the injunction is lifted, that the balance of equities tips in its favor, and that an injunction is in the public interest. <u>Winter v. Nat. Res. Def. Council</u>, 555 U.S. 7, 20 (2008). Weyerhaeuser will suffer immediate and irreparable harm if defendants are permitted to force it to litigate arbitrability in the UK and thereby lose its asserted contractual right to have the issue decided in the judicial forum of its choosing. The insurers have not identified any cognizable injury or prejudice that would arise if the arbitration and venue issues are determined in this jurisdiction. And a preliminary injunction in is in the public interest because it serves to protect the jurisdiction of this Court and the public policies of this State.

//

//

PRELIMINARY INJUNCTION - 5

For all of the foregoing reasons, the temporary restraining order is hereby converted into a preliminary injunction. Defendants are prohibited from seeking, obtaining, pursuing, or enforcing an injunction against the proceedings in this matter until the Court resolves the arbitrability and forum-selection issues raised by the parties. To that end, defendants' motion for leave to file an over-length brief (Dkt. # 19) is GRANTED, and the Clerk of Court is directed to renote the motion to dismiss (Dkt. # 20) on the Court's calendar for Friday, September 20, 2019.

Dated this 29th day of August, 2019.

Robert S. Lasnik
United States District Judge

PRELIMINARY INJUNCTION - 6